
FILED
CLERK, U.S. DISTRICT COURT
5/19/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLARENCE G. ALBERTSON,
    Petitioner,
    vs.
ROBERT WITHROW, M.D., Executive Director,
    Respondent.

Case No. CV 15-05989-MWF (KES)

ORDER DENYING CERTIFICATE OF APPEALABILITY

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts was amended to read as follows:

    (a)  **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court has accepted the Magistrate Judge's findings that Ground One of the First Amended Petition is time-barred under 28 U.S.C. § 2244(d) and Ground Two is unexhausted. Thus, the Court's determination of whether a COA should issue here is governed by the Supreme Court's decision in Slack v. McDaniel, 529 U.S. 473 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As the Supreme Court further explained:

> "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

The Court finds that Petitioner has failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Accordingly, a COA is denied in this case.

DATED: May 19, 2016

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Karen E. Scott
United States Magistrate Judge